**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM GALLAGHER, | Civil Action No. 14-02533 (JLL) (JAD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| FARM FAMILY CASUALTY INSURANCE COMPANY, | |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Plaintiff William Gallagher's failure to comply with the requirements of this Court's August 12, 2014 Order. (ECF No. 8). After carefully considering the record, and for good cause shown; and

**WHEREAS** Plaintiff commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, on October 23, 2013. (ECF No. 1); and

**WHEREAS** on April 21, 2014, Defendant Family Farm filed a Notice of Removal to remove this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a). (ECF No. 1). Defendant asserts the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. (Id.); and

**WHEREAS** on April 23, 2014, Magistrate Judge Tonianne J. Bongiovanni ordered an initial conference for June 3, 2014, pursuant to Federal Rule of Civil Procedure 16. (ECF No. 3); and

**WHEREAS** by letter Order dated April 23, 2014, Magistrate Judge Bongiovanni requested that the parties provide the Court with the amount in controversy prior to the Rule 16 conference. (ECF No. 4); and

**WHEREAS** the Rule 16 conference set for June 3, 2014, was rescheduled to June 11, 2014. (ECF No. 6); and

**WHEREAS** on June, 11 2014, the Rule 16 Conference with Magistrate Judge Bongiovanni was held via telephone. Neither party complied with the Court's letter Order dated April 23, 2014 and as a result, the Court ordered Plaintiff to provide the amount in controversy (which the Court began to reference as "proof of loss") by June 25, 2014; and

**WHEREAS** Plaintiff failed to submit a proof of loss by June 25, 2014; and

**WHEREAS** by Order dated July 15, 2014, Chief Judge Jerome B. Simandle determined that due to an imbalance of Hurricane Sandy cases filed in the three New Jersey vicinages, this case be relocated from Trenton to Newark and reassigned to this Court. (ECF No. 7); and

**WHEREAS** by text Order dated August 12, 2014, this Court ordered the Plaintiff to submit a proof of loss by August 14, 2014, in compliance with Magistrate Judge Bongiovanni's initial Order. (ECF No. 8). This Court further warned that failure to submit a proof of loss may result in sanctions, up to and including dismissal of the Complaint. (Id.); and

**WHEREAS** Plaintiff failed to comply with this Court's August 12, 2014 Order. Indeed, as of the date of this Report and Recommendation, the Court has yet to receive the information that Plaintiff was required to submit pursuant to that Order; and

**WHEREAS** this Court finds that Plaintiff's Complaint is subject to sua sponte dismissal given Plaintiff's protracted and ongoing failure to prosecute the case. Shipman v. Delaware, 381 F. App'x. 162, 164 (3d Cir. 2010) ("A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."). This Court recognizes that, "[w]hen using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary." Id. (affirming a District Court's dismissal without consideration of the Poulis factors where the plaintiff failed to engage in discovery and then failed to respond to the Court's request for an explanation regarding those discovery defaults); and

**WHEREAS** this Court finds that Plaintiff not only failed to submit proof of loss Ordered by Magistrate Judge Bongiovanni on June 11, 2014, but he also failed to comply with the requirements of this Court's August 12, 2014 Order requiring him to do the same. This Court further finds that Plaintiff's conduct has made it impossible to adjudicate his complaint, and that it would be appropriate for the District Court to dismiss those claims sua sponte; and

**WHEREAS** Plaintiff has failed to establish good cause sufficient to justify prosecution of this case,

**IT IS** on this 22 day of September, 2014,

**RECOMMENDED** that Plaintiff's Complaint be dismissed, without prejudice.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Jose L. Linares, U.S.D.J.

3