NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM GALLAGHER,<br><br>Plaintiff,<br><br>v.<br><br>FARM FAMILY INSURANCE CO.,<br><br>Defendant. | Civil Action No.: 14-2533 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff William Gallagher's Motion to Set Aside a Judgement or Order pursuant to Federal Rule of Civil Procedure 60(b)(6), filed on November 19, 2015. (ECF No. 11). Specifically, Plaintiff is requesting that the Court vacate its October 20, 2014 Order (ECF No. 10) dismissing the above-referenced action and that the Court reinstate Plaintiff's Complaint. Defendant Farm Family Insurance Co. opposes this Motion. (ECF No. 12, "Def's. Opp. Br."). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated herein, the Court grants Plaintiff's Motion (ECF No. 11) and will direct the Clerk of Court to reopen this matter.

## BACKGROUND

On or about October 23, 2013, Plaintiff filed this instant action in New Jersey Superior Court against Defendant Farm Family Insurance Co., asserting claims for breach of contract and breach of the common-law duty of good faith and fair dealing against Defendant and seeking benefits allegedly due under a homeowner's insurance policy. (ECF No. 1-1, Compl. ¶¶ 9-15). Specifically, Plaintiff alleged that Defendant "improperly adjusted and otherwise mishandled

1

Plaintiff's claim," resulting in the improper denial of insurance benefits sought after Plaintiff's property was damaged by Superstorm Sandy. (Id. ¶ 6).

On April 21, 2014, Defendant removed this action to federal court on the grounds of diversity jurisdiction. (ECF No. 1, Notice of Removal). On April 23, 2014, Magistrate Judge Tonianne J. Bongiovanni, by way of letter order, requested that the parties provide the Court with an amount in controversy before June 3, 2014. (ECF No. 4). On June 11, 2014, Plaintiff had yet to submit an amount in controversy, and Judge Bongiovanni again ordered Plaintiff to provide same (which the court began referring to as "proof of loss") by June 25, 2014. After the case was reassigned to Magistrate Judge Joseph A. Dickson (ECF No. 7), on July 16, 2014, Judge Dickson ordered Plaintiff to submit proof of loss in compliance with Judge Bongiovanni's order, no later than August 14, 2014. (ECF No. 8). Judge Dickson warned Plaintiff that failure to submit the required proof of loss "may result in sanctions, up to and including dismissal of the Complaint." (Id.).

On October 20, 2014, the undersigned adopted a Report and Recommendation dismissing the Complaint in this action for Plaintiff's failure to comply with the Magistrate Judges' multiple orders requesting proof of loss. (ECF Nos. 9, 10). Specifically, the Court found dismissal appropriate where Plaintiff's failure to prove the requested proof of loss "made it impossible to adjudicate his complaint." (ECF No. 9, at 3).

On November 19, 2015, represented by new counsel, Plaintiff filed the pending Motion to Vacate this Court's October 20, 2014 Order dismissing his complaint, pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 11). Defendant opposes this Motion. (ECF No. 12, "Def's. Opp. Br."). After reviewing the parties' submissions, on December 21, 2015, the undersigned entered an Order directing Plaintiff to submit a certification setting forth the reasons for his delay

2

in filing the instant Motion. (ECF No. 13). Plaintiff's counsel filed an Affidavit signed by Plaintiff, as well as a Certification signed by counsel on December 6, 2016. (ECF No. 14).

## LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) provides a catchall provision, permitting relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, a party seeking relief under the catchall provision "must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). These circumstances must show that the movant was faultless in the delay. *Pioneer Inv. Serv's. Co. v. Brunswick Ass's Ltd. Partnership.* 507 U.S. 380, 393 (1993).

The rule is clear that "[a]ll motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). Motions seeking relief on account of, *inter alia*, mistake, excusable neglect, and fraud must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). While motions brought under Rule 60(b)'s catchall provision are not subject to the same one year requirement, they must nevertheless be filed "within a reasonable time." Id. "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *In re Diet Drugs*, 383 Fed. App'x at 246.

3

## ANALYSIS

Plaintiff seeks relief of this Court's order dismissing its case under Rule 60(b)(6). When Plaintiff filed the instant Complaint, he was represented by the Voss Law Firm, operating out of Texas, with the assistance of local counsel from Harbatkin & LeVassuer, PA. (Pl's Mov. Br. at 1). According to Plaintiff, "[h]underds of the lawsuits filed by The Voss Law Firm and/or Harbatkin & LeVasseur, PA ended up being dismissed on procedural grounds such as failing to serve complaints, failing to prosecute, and failing to answer discovery." (Id. at 1-2). During the course of the litigation, Plaintiff attempted to contact Mr. Audwin LeVasseur, who was operating as local counsel on Plaintiff's behalf, "multiple times via telephone." (ECF No. 14-2, Affidavit of William Gallagher, "Gallagher Aff." ¶ 4). Mr. Levessaur did not return his calls and Plaintiff only spoke with Mr. LeVassuer one time during his handling of the litigation. (Id. ¶¶ 6-7). Frustrated with his local counsel, Plaintiff contacted attorney Scott Hunziker of the Voss Law Firm, who "informed [Plaintiff] that he had received similar complaints and was going to fly to New Jersey to handle the situation." (Id. ¶ 10). In or around March of 2015, Plaintiff was informed by Mr. Hunziker that he could chose to retain new counsel or continue being represented by Mr. LeVasseur. (Id. ¶ 12). After retaining Claims Worldwide, LLC to pursue his claims, Plaintiff was informed by same that his case had been dismissed. (Id. ¶ 14). According to Plaintiff, this was the first time he was notified that his claims had been dismissed. (Id. ¶¶ 13-17). Plaintiff attests that his prior counsel never provided him with any of the Court's orders, and never updated him on requirements necessary to move the case forward. (Id. ¶¶ 18-19). Plaintiff was "always ready, willing and able to provide information to [his] prior counsel in order to prosecute the litigation." (Id. ¶ 20).

4

Defendant urges the Court to deny Plaintiff's motion to vacate. (Def's. Opp. Br.). First, Defendant contends that Plaintiff has mischaracterized the motion as one for relief under Rule 60(b)(6), and that Plaintiff is actually seeking relief for "excusable neglect" pursuant to Rule 60(b)(1). (Def's Opp. Br. at 4). As motions brought under 60(b)(1) cannot be filed more than one year after the relevant order, Defendant urges the Court to deny Plaintiff's motion as untimely. (Id.). Even if the Court accepts Plaintiff's motion under Rule 60(b)(6), Defendant argues that the motion is still untimely because it was not filed within a reasonable amount of time after the Court's October 20, 2014 Order, as required by Rule 60(c), where Plaintiff waited thirteen months to file his motion. (Id. at 5-6). Lastly, Defendant contends that it will be severely prejudiced if the Court were to reopen this matter, particularly because Plaintiff's claims arise out of events that occurred more than three years ago. (Id. at 6).

The Court finds that Plaintiff's motion was properly filed under Rule 60(b)(6), and therefore is not subject to the one-year time requirement. Indeed, the Third Circuit has found that a Plaintiff may be entitled to relief from a court order under Rule 60(b)(6) where, as here, an attorney failed to prosecute his case. *See Boughner v. Secretary of Health, Ed. and Welfare, U.S.*, 572 F.2d 976 (3d Cir. 1978) (holding that motions to vacate an entry of summary judgment on account of the attorney's failure to oppose those motions were not appropriately filed under Rule 60(b)(1) on the grounds of "excusable neglect," but were appropriately filed under Rule 60(b)(6)'s catchall provision).

Moreover, the Court does not find that that the thirteen-month delay in the filing of this instant motion is unreasonable, and finds that in any event, Plaintiff was faultless in this delay. First, Plaintiff's new counsel, Daniel W. Ballard, has submitted a certification to this Court explaining the delay in the filing of the instant motion. (ECF No. 14-1, Certification of Daniel W.

Ballard, "Ballard Cert."). According to Mr. Ballard, on or around March 2015, he received a portable drive from Plaintiff's former counsel, containing over 10,000 pages of incomplete, disorganized documents. (Ballard Cert. ¶¶ 11-12). Since that time, counsel has been reviewing these documents and seeking additional documents from Plaintiff's prior attorneys, who appear to have been uncooperative. (Id. ¶¶ 16-23). Moreover, as is evident by Plaintiff's Affidavit, Plaintiff made repeated unsuccessful attempts to contact his former attorneys, was "always ready, willing and able to provide the [required] information," and was not even notified that his case had been dismissed until about five months after this Court's Order. (Gallagher Aff. ¶¶ 4-20).

Finally, the Court finds that Plaintiff has shown that extraordinary circumstances exist to justify vacating this Court's order of dismissal. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). The facts of the instant case are strikingly similar to the Third Circuit case of *Boughner v. Sect'y of Health, Ed. and Welfare*, where the Circuit found that a district court erred in denying several plaintiffs' Rule 60(b)(6) motions that were grounded in their attorney's failure to oppose summary judgment motions that resulted in an entry of judgment in defendant's favor. 572 F.2d 976 (3d Cir. 1978). In that case, a survey of the numerous cases filed by plaintiffs' attorney revealed that he had failed to oppose at least fifty-two motions for summary judgement. *Id.* at 977. In finding that the plaintiffs' Rule 60(b)(6) motions should have been granted, the Circuit explained that the attorney's "egregious conduct amounted to nothing short of leaving his clients unrepresented," and accordingly, held that the plaintiffs were "not bound by the acts of their attorney for the purposes of [Rule 60(b)(6)]." *Id.* at 977, 979. Here, as in *Boughner*, Plaintiff's former counsel failed to prosecute numerous claims filed on behalf of victims of Superstorm Sandy, and specifically with regards to Mr. Gallagher, appear to have all but

6

abandoned the litigation they initiated on his behalf. Thus, for all intents and purposes, Plaintiff was effectively unrepresented prior to this Court's dismissal of this action.

"The general purpose of Rule 60(b), which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner*, 572 F.2d 976, 977 (3d Cir. 1978). To that end, "Rule 60(b)(6) provides 'a grand reservoir of equitable power to do justice in a particular case.'" *Sect'y of Labor v. Kaposy*, 607 Fed. App'x. 230, 231 (3d Cir. July 20, 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014)). While the Court is cognizant of Defendant's argument that it will be prejudiced by the delay in prosecuting this litigation, particularly where the statute of limitations has run, the Court finds that any prejudice Defendant may suffer on account of this delay is outweighed by the injustice in precluding Plaintiff from prosecuting his claim altogether.

In summary, Plaintiff has sufficiently demonstrated that "extraordinary circumstances" exist justifying the delay in his prosecution of this matter, that he was faultless in the delay, and that Plaintiff should be given an opportunity to have his claims adjudicated on the merits.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion to Vacate this Court's October 20, 2014 Order dismissing Plaintiff's claims. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED:   January /2, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

7